IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| AMBER YEAROUT, | § |
| Plaintiff | § |
| v. | § Civil Action No. 3:10-CV-0430-L-BH |
| MICHAEL J. ASTRUE,<br>Commissioner of Social Security, | § |
| Defendant. | § |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION

Pursuant to the District Court's order of reference, filed January 4, 2011, before the Court for recommendation is *Plaintiff's Application for Attorney Fees Under the Equal Access to Justice Act* (doc. 26), filed December 30, 2010. Based on the relevant filings, evidence, and applicable law, the request for attorney's fees should be **GRANTED**.

### I. BACKGROUND

On March 3, 2010, Plaintiff filed a complaint seeking reversal and remand of the decision denying her Social Security disability benefits. She was represented by Laura Hernandez, an attorney licensed in May 2003 (main counsel), and Robert Billingsley, licensed in December 2009 (briefing counsel). On November 30, 2010, the Court entered judgment, reversing and remanding the case for further proceedings. Plaintiff then moved for an award of attorney's fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, and for reimbursement of court costs. Defendant objected to the amount of fees sought, and the motion is now ripe for consideration.

### II. ANALYSIS

Pursuant to the EAJA, the Court must award attorney's fees and expenses if: (1) the claimant is a "prevailing party," (2) the position of the United States was not "substantially justified," and (3)

there are no special circumstances that make an award unjust. 28 U.S.C. § 2412(d)(1)(A); *Sims v. Apfel*, 238 F.3d 597, 599-600 (5th Cir. 2001). An award of attorney's fees under the EAJA must be reasonable, however. *See* 28 U.S.C. § 2412(b). The fee applicant has the burden of demonstrating that the hours claimed were reasonably expended on the prevailing claim. *Von Clark v. Butler*, 916 F.2d 255, 259 (5th Cir. 1990); *Sandoval v. Apfel*, 86 F.Supp. 2d 601, 616 (N.D. Tex. 2000).

Plaintiff has requested $8,993.00 in attorney's fees based on 52.9 hours at a rate of $170.00 per hour,[1] and $350.00 in court costs. The Commissioner does not dispute Plaintiff's entitlement to attorney's fees, the hourly rate requested, or the court costs, but objects to the claimed number of attorney hours as excessive and unreasonable.

**A. Decision to Appeal**

The Commissioner objects that 6 hours for deciding whether to appeal the case and the basis for the appeal are unreasonable and should be reduced by 3 hours because the arguments presented to this court were similar to the ones presented to the Appeals Council and the same law firm represented Plaintiff in this court and at the administrative level. He cites *Cooper v. U.S. R.R. Ret. Bd.*, 24 F.3d 14141, 1419 (D.C. Cir. 1994), for the proposition that reduction of an EAJA award is appropriate where much of the work has already been done at the administrative level.

In *Cooper*, the D.C. circuit reduced 158.2 hours of time billed for legal research and writing and for preparation of oral argument by half because the only issue to be decided in that case was whether substantial evidence supported the retirement board's hardship determination, and much

---

[1] This number includes the 3.5 hours of attorney work that Plaintiff requests for defending the fee application against Defendant's objections. Under the EAJA, fees incurred in litigating a fee application are compensable. *See Sandoval v. Apfel*, 86.F.Supp.2d 601, 616 (N.D. Tex. 2000) (citing *Powell v. Commissioner*, 891 F.2d 1167, 1170-71 (5th Cir. 1990)); *see also Hardy v. Callahan*, 1997 WL 470335, at *9 (E.D. Tex. 1997) (granting Plaintiff 6.5 hours expended in defending her EAJA request).

of the documentation at issue had been prepared at the administrative level. *Id.* at 1418-19. The holding in *Cooper*, however, is limited to its own particular set of facts and does not present a bright line rule that every time an appellate attorney reviews the administrative record, his or her hours should be reduced by half. As recognized by other courts, an appeal by its very nature covers factual and legal grounds already addressed at the trial or administrative level, but this does not necessarily make the work performed by an appellate counsel duplicative. *See Sweat v. Barnhart*, No. 3:05-CV-0329-M, slip op. at 4 (N.D. Tex. Aug. 27, 2007) (citation omitted). In fact, even if an attorney has prepared a brief for the Appeals Council, a lawyer is expected to perform further legal research before filing an appeal in the district court to determine whether any later cases are relevant to the issues before the court. *Jackson v. Astrue*, 2011 WL 767161, at *2 (M.D. Ala. Feb. 28, 2011).

Here, the disputed six hours consist of two hours by main counsel to review the Appeal Council's decision, assess the viability of the appeal, research and review relevant case law and social security rulings, prepare an outline of the brief, discuss the issues with co-counsel, and discuss the advantages and disadvantages of filing a lawsuit with the client. Briefing counsel spent four hours reviewing the administrative record, conducting legal research, adding to main counsel's outline of the brief, and completing the background sections of the brief. The hours requested are reasonable for the work performed, and should not be reduced. Moreover, any overlap of the work performed is reasonable because both attorneys needed to familiarize themselves with the facts and issues involved in the appeal in order to communicate meaningfully with each other. *See Nickola v. Barnhart*, 2004 WL 2713075, at *1 (W.D. Wis. Nov. 24, 2004) (overlap not a basis for reduction because it was reasonable for both the attorney and the briefing law clerk to get acquainted with the record in detail).

**B. Revision of Opening Brief**

The Commissioner also objects that it was unreasonable for main counsel to spend 3 hours making suggested changes to briefing counsel's opening brief and for briefing counsel to spend 4.5 hours making the suggested changes. He urges a reduction of the 7.5 hours by 3 hours.

An attorney reviewing and editing the work of another attorney is both reasonable and common practice, especially where, as here, a more experienced attorney is supervising the work of an attorney who is relatively new in the field. *See Sweat v. Barnhart*, No. 3:05-CV-0329-M, slip op. at 4 (N.D. Tex. Aug. 27, 2007) (an attorney reviewing and editing the work of another attorney is both reasonable and common practice); *McCormick v. Astrue*, 2010 WL 1961211, at *2 (E.D. Wis. May 14, 2010) (it is appropriate for a senior attorney to revise and edit briefs prior to submission). Here, the attorneys billed the 7.5 hours at issue for reviewing and editing a draft brief that turned out to be 34 pages long and contained three issues for review. Notably, the billed hours were not for reviewing and editing the draft brief alone. Main counsel spent part of her 3 hours filing a motion and proposed order for leave to file an opening brief longer than 25 pages. Similarly, briefing counsel spent some of his 4.5 hours "completing" the argument section of the brief. The hours billed were reasonable for the work performed and should not be reduced.

**C. Revision of Reply Brief**

The Commissioner further objects that it was unreasonable for the main counsel to spend 1 hour reviewing the reply brief and discussing it with the briefing attorney, and another 1.5 hours reviewing and editing the brief. He requests a reduction of 2 hours. For reasons stated earlier, the 2.5 hours spent on reviewing and editing the reply brief were reasonable and should not be reduced.

## III. CONCLUSION

*Plaintiff's Application for Attorney Fees Under the Equal Access to Justice Act* should be **GRANTED**. Plaintiff should be awarded attorney's fees in the amount of $8,993.00 based on 52.9 hours at an hourly rate of $170.00, and costs in the amount of $350.00, for a total EAJA award of $9, 343.00.[2]

**SO RECOMMENDED**, on this 15th day of March, 2011.

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

---

[2] While Plaintiff requests that the EAJA award be paid directly to her main counsel, the Supreme Court has recently held that EAJA awards are payable directly to the prevailing party, not his attorney. *See Astrue v. Ratliff*, 130 S.Ct. 2521, 2525-26 (2010); *see also Hayes v. Astrue*, 2011 WL 9049 (N.D. Tex. Jan. 3, 2011).